# COURT OF COMMON PLEAS
# FOR THE STATE OF DELAWARE

WILMINGTON, DELAWARE 19801

SHELDON K. RENNIE

JUDGE

October 23, 2015

Monil Amin, Esquire
Deputy Attorney General
820 N. French Street, 7th Floor
Wilmington, DE 19801
*Attorney for the State of Delaware*

Allison S. Mielke, Esquire
Eugene J. Maurer, Jr., P.A.
1201-A King Street
Wilmington, DE 19801
*Attorney for Defendant*

RE:   *State v. Brandy Johnson*
      Cr. A. No.: 1407004177

Dear Counsel:

On October 1, 2015, the Court heard argument on Defendant's Motion to Compel in the above-referenced matter. Defendant requested that the Court compel the State to produce certain documents within Officer Carnevale's Professional Standards file, as well as witness interviews, supplemental police reports, and other notes written by law enforcement personnel. At the hearing, the Court ordered the State to conduct a *Brady* review of the documents and items that Defendant sought.

On October 15, 2015, the State filed a letter with the Court and provided an itemized list of the documents and items sought by Defendant, and its position of whether such items and documents were discoverable. On October 19, 2015, Defendant submitted a response to the Court. While the parties agreed that some documents and items were discoverable, they

disagreed on other portions of the discovery request. As a result, the Court conducted an *in camera review* of those remaining portions to determine whether they were discoverable.

The Court will conduct an *in camera* review of the personnel files of a law enforcement officer "[i]n limited but appropriate situations" in order to ascertain whether those files contain any information that should be disclosed to the defendant.[1] In order for the Court to review these files however, the defendant must "establish[] a factual basis for the requested files" and "advance 'some factual predicate which makes it reasonably likely that the file will bear such fruit and that the quest for its contents is not merely a desperate grasping at a straw."[2] In other words, the request for an *in camera* review should not be a "'vehicle from which . . . [to] embark on an unwarranted exploration of the . . . [officer]'s professional past.'"[3] At the hearing on the Motion to Compel, the Court found that the Defendant established a proper factual basis to look into the law enforcement officer's personnel files.

In this case, the documents and items sought by Defendant were separated into eleven (11) categories. Of those, there were six (6) categories that were in dispute.[4] After reviewing the documents and information contained in these categories, the Court finds that the following categories are not discoverable:[5] Category (2) the screen shot of Officer Carnevale's PSU box; Category (3) the Professional Standards Unit Report of Investigation for both Officer Carnevale and Officer Daller; Category (11) Officer Carnevale's Sustained Disciplinary File and; the

---

[1] *State v. Torres*, 2002 WL 31478167 at *1 (Del. Super. Oct. 31, 2002) (citing *Snowden v. State*, 672 A.2d 1017 (Del. 1996)).

[2] *Snowden*, 672 A.2d at 1023–24.

[3] *Torres*, 2002 WL 31478167 at *1 (quoting *State v. Watson*, 2002 WL 1652241, at *1 (Del. Super. July 17, 2002)).

[4] Counsel were in agreement that sections 1, 4, 5, 7, and 9 were discoverable, and therefore, the State provided Defendant with those items.

[5] The documents and/or information contained in these categories either had no bearing on the case at hand or can be found in one of the categories that the Court finds to be discoverable.

additional materials from Officer Carnevale's personnel file that were provided on October 17, 2015. The following sections, however, are discoverable: Category (6) witness video statements; Category (8) the video statements of Officer Carnevale and Officer Daller and; Category (10) the redacted Police Report and Use of Force Report of both Officer Carnevale and Officer Daller. Although both parties agree that the videos are subjected to *State v. Jencks*,[6] the State has offered to produce them to Defendant in advance of trial. The Court appreciates the State's offer and directs that the videos and the other matters found to be discoverable be turned over to Defendant by close of business on October 26, 2015.

  **IT IS SO ORDERED.**

                Sheldon K. Rennie,
                Judge

---

[6] 353 U.S. 657 (1957).